Rel: July 10, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2026

————————————————

### CL-2025-1084

————————————————

**Jared Don Thrasher**

**v.**

**Tabitha Nicole Thrasher**

**Appeal from Marshall Circuit Court
(DR-25-900146)**

FRIDY, Judge.

Jared Don Thrasher ("the husband") appeals from a judgment entered by the Marshall Circuit Court ("the trial court") divorcing him from Tabitha Nicole Thrasher ("the wife"). We affirm the trial court's

judgment in part and reverse it in part, and we remand the case to the trial court with instructions.

Procedural History

On June 5, 2025, the wife filed a complaint in the trial court seeking a divorce from the husband. She requested, among other things, an award of sole legal and sole physical custody of the parties' child ("the child"), who was born in May 2014; an award of child support; an equitable division of the parties' real and personal property and an apportionment of the parties' debts; an award of alimony; and an award of attorney's fees. She also requested pendente lite relief, including interim alimony and an order directing the husband to prevent the foreclosure of the parties' marital residence. On June 5, 2025, the trial court entered an initial pendente lite order directing, among other things, that the parties refrain from disposing of any assets or property and that they continue to pay the marital debts and expenses in the same manner as they had before the commencement of the action. On June 18, 2025, the husband filed an answer to the wife's complaint and a counterclaim for a divorce in which he requested, among other things, an award of joint legal and physical custody of the child, an award of child support, an

equitable division of the parties' personal property and debts, and an award of attorney's fees. The wife filed a reply to the husband's counterclaim.

On July 3, 2025, the trial court entered a pendente lite order in which it indicated that both parties had been present for a hearing on that date. Among other things, the trial court awarded the wife the "care, custody, and control" of the child, subject to the husband's visitation "for no fewer than four (4) hours per week," directed the husband to "inform the [wife] in writing no fewer than 72 hours prior to his intent to exercise visitation," directed the husband to pay child support to the wife in the amount of $847 per month, granted the wife possession of the marital residence, directed the husband to immediately satisfy any debt arrearage currently owing on the marital residence to avoid foreclosure, and directed the husband to pay to the wife temporary spousal support in the amount of $1,900 per month beginning on August 1, 2025.

On October 23, 2025, the trial court conducted a trial. On October 28, 2025, the trial court entered a judgment divorcing the parties. The divorce judgment awarded the "care, custody and control" of the child to

the wife[1] and awarded the husband visitation with the child on the first and third weekends of each month, in addition to visitation with the child on Thanksgiving Day and Christmas Day from 2:00 p.m. until 5:00 p.m. The judgment also directed, among other things, that the husband "inform the [wife] in writing no fewer than 72 hours prior to his intent to exercise visitation." The divorce judgment further ordered the husband to pay to the wife child support in the amount of $726 per month; ordered both parties to be responsible for one-half of the child's uninsured medical, optical, pharmaceutical, and dental expenses; and ordered that the wife shall claim the child as a dependent for tax purposes. The divorce judgment also awarded each party their personal effects, jewelry, and clothing and directed that "[a]ny real estate, monies, chattels, or other property … shall be the sole and exclusive property of the person currently having possession of (or in the case of titled property, title to) such property," with any debts or encumbrances against said property to be borne by the party in possession or holding title thereto.

Regarding alimony, the divorce judgment provided:

---

[1]We interpret the divorce judgment as having awarded sole legal and sole physical custody of the child to the wife. See Ala. Code 1975, § 30-3-151 (defining the various forms of custody).

"1. As alimony-in-gross, the [husband] shall pay the sum of Twenty Five Thousand and No/Dollars ($25,000.00) to the [wife]. [The husband] shall pay $150.00 per month until the entire sum is paid in full. This amount represents the value of the [wife's] equity in the former residence of the parties due to non-payment of [the husband]. This amount is a property settlement and is not modifiable.

"2. As periodic alimony, the [husband] shall pay to the [wife] the sum of One Thousand and NO/Dollars ($1,000.00) per month. All such payments shall be made directly to the [wife]. The first such payment of periodic alimony shall be due on or before the 1st day of November, 2025. This periodic alimony shall terminate upon the expiration of sixty (60) months or as otherwise prescribed by law.

"Subsequent payments shall be made on or before the first day of each month thereafter."

The trial court found the husband in contempt for his failure to pay child support and alimony as directed in the pendente lite order and ordered, among other things, that the husband could purge himself of the contempt by paying to the wife $5,391 within 180 days of the date of the entry of the divorce judgment. The trial court ordered the husband to pay attorney's fees to the wife in the amount of $7,000 and denied all remaining requested relief.

The husband filed a motion to alter, amend, or vacate the trial court's judgment. The trial court held a hearing on that motion, after

which it denied the motion. The husband filed a timely notice of appeal to this court.

## Issues

The husband raises three issues on appeal: (1) whether the trial court's division of property and awards of alimony are equitable; (2) whether the trial court erred in its award of attorney's fees to the wife; and (3) whether the limitations placed on the husband's visitation with the child are reasonable and in the child's best interests.

## Analysis

The husband contends on appeal that the trial court's awards of alimony in gross and periodic alimony are due to be reversed. Regarding the trial court's award of "periodic alimony," the husband argues, among other things, that the trial court failed to make the express findings required by § 30-2-57, Ala. Code 1975, regarding the basis for the award and the specific type of alimony awarded. Section 30-2-57 provides, in pertinent part:

> "(a) Upon granting a divorce or legal separation, the court shall award either rehabilitative or periodic alimony as provided in subsection (b), if the court expressly finds all of the following:

"(1) A party lacks a separate estate or his or her separate estate is insufficient to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) The other party has the ability to supply those means without undue economic hardship.

"(3) The circumstances of the case make it equitable.

"(b) If a party has met the requirements of subsection (a), the court shall award alimony in the following priority:

"(1) Unless the court expressly finds that rehabilitative alimony is not feasible, the court shall award rehabilitative alimony to the party for a limited duration, not to exceed five years, absent extraordinary circumstances, of an amount to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) In cases in which the court expressly finds that rehabilitation is not feasible, a good-faith attempt at rehabilitation fails, or good-faith rehabilitation only enables the party to partially acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage, the court shall award the party periodic installments of alimony for a duration and an amount to allow the party to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage as provided in subsection (g)."

The remainder of § 30-2-57 outlines factors to be considered in making the necessary findings and provides additional guidance in determining an alimony award.

The husband cites Merrick v. Merrick, 352 So. 3d 770, 775 (Ala. Civ. App. 2021), in which this court stated: "The legislature has clearly required that an alimony award be either rehabilitative alimony or periodic alimony and that, to award either type of alimony, the trial court must make certain express findings after considering the various factors described in § 30-2-57(d)-(f)." In Perry v. Perry, [Ms. CL-2025-0409, Jan. 16, 2026] ___ So. 3d ___ (Ala. Civ. App. 2026), this court reversed a judgment awarding periodic alimony based on the absence of the express findings required by § 30-2-57(a). In the present case, the wife requested an award of "interim alimony, rehabilitative alimony, alimony in gross, and/or periodic alimony." The trial court's judgment awarded the wife "periodic alimony" but did not make the express findings required by § 30-2-57(a) or expressly find that rehabilitative alimony is not feasible under the circumstances presented, as required by § 30-2-57(b); accordingly, the periodic-alimony award is due to be reversed. See Perry, supra. Because "the periodic-alimony award is intertwined with the

division of the marital property and the attorney-fee award, those aspects of the judgment are likewise subject to reversal and reconsideration by the trial court on remand." Cason v. Cason, 378 So. 3d 552, 554 (Ala. Civ. App. 2022).

The husband also challenges that portion of the divorce judgment addressing his visitation with the child. First, the husband argues that limiting his visitation with the child to the first and third weekends of the month, along with a few hours on Thanksgiving and Christmas, barring other holiday or summer visitation, amounts to a limitation on his visitation with the child that is unsupported by the evidence. Additionally, the husband argues that the requirement that he inform the wife of his intent to exercise his visitation rights in writing seventy-two hours in advance is "ambiguous" and does not state that the wife must accommodate the visitation following that notice.

In his October 31, 2025, motion to alter, amend, or vacate the divorce judgment, the husband asserted that the divorce judgment "imposes a modified version of the Marshall County Unified Family Court Standard Custody and Visitation Order," and he requested that the trial court reconsider and amend that portion of the divorce judgment to

"award the standard visitation pursuant to Marshall County Family Court Standard Custody and Visitation Order, as such arrangement would serve the best interest of the ... child and promote a consistent and meaningful parent-child relationship." The husband stated that his request for a modification was intended "to establish a fair and balanced schedule." The husband did not challenge the seventy-two-hour-notice requirement in his postjudgment motion. See Chapman v. Chapman, [Ms. CL-2023-0485, Mar. 28, 2025] ___ So. 3d ___, ___ (Ala. Civ. App. 2025) ("When a trial court does not make specific findings of fact regarding the reasons it imposed a restriction on custody or visitation, the noncustodial parent must file a postjudgment motion to challenge the sufficiency of the evidence."). Although the trial court set the husband's postjudgment motion for a hearing, a transcript of that hearing does not appear in the record on appeal. Thus, we have no indication regarding whether the husband raised an argument regarding the seventy-two-hour-notice requirement before the trial court at any time. "[An appellate court] cannot consider arguments raised for the first time on appeal; rather, [the appellate court's] review is restricted to the evidence and

arguments considered by the trial court." <u>Andrews v. Merritt Oil Co.</u>, 612 So. 2d 409, 410 (Ala. 1992).

The husband asserts that the wife had interpreted the seventy-two-hour-notice requirement in the pendente lite order to mean that the husband could visit the child only at the times that she selected. He points to his trial testimony in which he stated that, when he had attempted to visit the child following the entry of the pendente lite order, the wife had denied him visitation on the day that he requested and had informed him that he "could only have [the child] for whatever the times was [sic] that she picked"; the husband asserts that the trial court's reinstatement of the seventy-two-hour-notice requirement in the divorce judgment reinforces the belief that the husband's visitation "is completely at the whim of [the wife]." The husband's brief, p. 32.

We note first that, unlike in the divorce judgment, which awarded the husband visitation on the first and third weekends of each month, the July 3, 2025, pendente lite order awarded the husband "visitation for no fewer than four (4) hours per week" and directed him to inform the wife in writing no fewer than seventy-two hours before his intent to exercise visitation. Moreover, we note that the husband did not testify at

the trial that he had provided the wife with the required seventy-two-hour notice for his requested visitation time or that the inclusion of that requirement in the pendente lite order had created any ambiguity that had resulted in the wife's refusal to allow him to exercise visitation. Thus, we cannot conclude that the husband's testimony at the trial preserved any challenge to the seventy-two-hour-notice requirement for this court's review, and we decline to consider the same. See Andrews, supra.

Because the husband challenged the trial court's award of a more limited visitation schedule in lieu of standard visitation in his postjudgment motion, we consider his arguments on appeal as to that issue. In Pratt v. Pratt, 56 So. 3d 638, 641 (Ala. Civ. App. 2010), this court stated, in pertinent part:

> "'The trial court has broad discretion in determining the visitation rights of a noncustodial parent, and its decision in this regard will not be reversed absent an abuse of discretion.' Carr v. Broyles, 652 So. 2d 299, 303 (Ala. Civ. App. 1994). In exercising its discretion over visitation matters, '"[t]he trial court is entrusted to balance the rights of the parents with the child's best interests to fashion a visitation award that is tailored to the specific facts and circumstances of the individual case."' Ratliff v. Ratliff, 5 So. 3d 570, 586 (Ala. Civ. App. 2008) (quoting Nauditt v. Haddock, 882 So. 2d 364, 367 (Ala. Civ. App. 2003) (plurality opinion)). A noncustodial parent generally enjoys 'reasonable rights of visitation' with his or her children. Naylor v. Oden, 415 So. 2d 1118, 1120 (Ala. Civ. App. 1982). However, those rights may be restricted

in order to protect children from conduct, conditions, or circumstances surrounding their noncustodial parent that endanger the children's health, safety, or well-being. See Ex parte Thompson, 51 So. 3d 265, 272 (Ala. 2010) ('A trial court in establishing visitation privileges for a noncustodial parent must consider the best interests and welfare of the minor child and, where appropriate, as in this case, set conditions on visitation that protect the child.'). In fashioning the appropriate restrictions, out of respect for the public policy encouraging interaction between noncustodial parents and their children, see Ala. Code 1975, § 30-3-150 (addressing joint custody), and § 30-3-160 (addressing Alabama Parent-Child Relationship Protection Act), the trial court may not use an overbroad restriction that does more than necessary to protect the children. See Smith v. Smith, 887 So. 2d 257 (Ala. Civ. App. 2003), and Smith v. Smith, 599 So. 2d 1182, 1187 (Ala. Civ. App. 1991)."

The husband argues on appeal that the trial court's more restricted visitation schedule is unsupported by the evidence presented. He asserts that the record contains no allegations that he had endangered the child; that the wife did not request restrictions on his visitation with the child; and that, although his work schedule had previously interfered with his ability to visit the child, he had obtained employment that allowed him to visit the child more often. We note that, at the October 23, 2025, trial, the trial court took notice of the testimony and other evidence that had been presented at the pendente lite hearing, without objection by the husband. A transcript of that hearing does not appear in the record on

13

appeal. At the October 23, 2025, trial, however, the wife described the husband and child's relationship as "estranged." The husband acknowledged that he had attempted to set up only two visits with the child since the pendente lite order was entered on July 3, 2025, and that he had exercised only one of those visits. The husband also acknowledged that he was able to send messages to the child on an old cellular telephone that the child had access to, but he acknowledged that he had not sent a message to the child in the month of October before the trial. The husband denied having the child's new cellular-telephone number. The wife testified, however, that the child had given the husband his new cellular-telephone number but that the husband had not telephoned the child in September or October before the October 23, 2025, trial.

The husband's son from a previous relationship testified that he had worked a long-haul trucking job with the husband from January 2025 until the beginning of May 2025. The husband testified that he had continued working for the company where he had worked with his son until September 2025 but that he was going to begin a new job at a different trucking company on the Monday after the October 23, 2025, trial. He stated that he would work Monday through Friday of each week

and that he could have every weekend off or every other weekend off. He affirmed that part of his motivation for having changed jobs was so that he could see the child more often. On cross-examination, the husband testified that, at his new job, he would be driving "from Mobile, Alabama, all the way up through Chicago up the I-65 corridor." The husband denied that he would "be doing long hauls" and stated that his "plan with this job is starting out with them just running these short hauls," after which he would be "doing a daily job" that would allow him to "be home daily." Upon questioning by the trial court, the husband clarified that he would be required to drive to Chicago and back "for a year to get [his] time in with" his new employer and that, after that, he would "swap over to their daily job where [he'll] be home daily."

"When a trial court hears ore tenus testimony, this court will presume on appeal that the trial court's findings on disputed facts are correct, and we will not reverse its judgment based on those findings unless the judgment is palpably erroneous or manifestly unjust." Crenshaw v. Crenshaw, 386 So. 3d 42, 51 (Ala. Civ. App. 2023). The evidence presented indicates that, for a year following the trial, the husband will be driving from Mobile to Chicago and back on "short hauls"

15

at his new job and that he will have every other weekend off. Additionally, the trial court could have concluded from the evidence presented at the trial that the father's relationship with the child was tenuous based, in part, on the husband's lack of effort to pursue communication and visitation with the child. Even without the benefit of the testimony and other evidence presented at the pendente lite hearing, we conclude that the evidence presented at the trial supports the trial court's visitation award, which is appropriately tailored to the particular circumstances of the present case. See Pratt, supra. The visitation schedule takes into consideration the husband's work schedule that permits him to be at home every other weekend and the existing relationship between the husband and the child, and it encourages visitation between the husband and the child while protecting the child's best interests. Accordingly, we affirm that portion of the trial court's judgment.

## Conclusion

The trial court's judgment is reversed insofar as it awarded the wife periodic alimony, and we remand the case to the trial court for it to enter a new judgment that complies with § 30-2-57. In light of our reversal on

16

the issue of periodic alimony, we pretermit consideration of the husband's arguments on appeal as they relate to the equity of the property division, the award of alimony in gross, and the award of attorney's fees to the wife because "[t]he issues of property division and alimony are interrelated, and they must be considered together on appeal." Turnbo v. Turnbo, 938 So. 2d 425, 430 (Ala. Civ. App. 2006). The trial court is directed to reconsider those issues in conjunction with any alimony determination it makes on remand. The trial court's judgment is affirmed in all other respects.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Hanson, and Bowden, JJ., concur.